**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| **PRINCE L. McCOY, #852958,**           ) | |
| Petitioner,           ) | |
| ) | |
| v.           ) | 3:06-CV-1044-K |
| ) | ECF |
| **NATHANIEL QUARTERMAN,**           ) | |
| Director, Texas Department of Criminal, ) | |
| Justice, Correctional Institutions Division) | |
| Respondent.           ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the District Court in implementation thereof, this cause has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge are as follows:

FINDINGS AND CONCLUSIONS:

Type of Case: This is a petition for writ of habeas corpus filed by a state inmate pursuant to 28 U.S.C. § 2254.

Parties: Petitioner is presently incarcerated at the Allred Unit of the Texas Department of Criminal Justice, Correctional Institutions Division (TDCJ-CID) in Iowa Park, Texas. Respondent is the Director of TDCJ-CID. The Court did not issue process in this case, pending preliminary screening.

Statement of Case: Following his plea of not guilty, a jury convicted Petitioner for the offense of capital murder in Criminal District Court No. 5 of Dallas County,

Texas, in cause number F98-68674. (Pet. at 2-3). On November 22, 1998, punishment was assessed at life imprisonment. (Pet. at 2). The Court of Appeals affirmed his conviction and sentence. *See McCoy v. State*, No. 05-98-02085-CR (Tex. App. -- Dallas, Feb. 22, 2000, pet. ref.). On July 26, 2000, the Court of Criminal Appeals refused his petition for discretionary review. No. PD-0807-00, http://www.cca.courts. state.tx.us/opinions/Case.asp?FilingID=114052.

On July 13, 2001, Petitioner filed in the convicting his first state habeas application pursuant to art. 11.07, Texas Code of Criminal Procedure. (*See* Attachment I). While the clerk returned this application for correction (*Id.*), it is unclear when that took place. It appears, however, that on July 9, 2002, Petitioner filed a petition for writ of mandamus in the Court of Criminal Appeals seeking a ruling on the above writ. *See Ex parte McCoy*, WR-52,988-01, http://www.cca.courts.state.tx.us/opinions/Case.asp?FilingID=210953. *See also* Pet's Response to Show Cause Order at 3. On December 18, 2002, the Court of Criminal Appeals denied leave to file the petition for writ of mandamus. *See id.*

Thereafter, on January 23, 2003, Petitioner filed his corrected (or second) art. 11.07 application, (*see* Attachment I), which the Court of Criminal Appeals denied without written order on the trial court's findings without a hearing on July 30, 2003. *See Ex parte McCoy*, No. WR-52,988-02, http://www.cca.courts.state.tx.us/opinions/ Case.asp?FilingID=217267.

On May 16, 2005, Petitioner filed a third state habeas application. (*See* Attachment II). On April 5, 2006, the Court of Criminal Appeals dismissed the third application as successive. *Ex parte McCoy*, No. WR-52,988-03, http://www.cca.courts.

2

state.tx.us/opinions/Case.asp?FilingID=240995.

In this federal petition, filed on June 12, 2006, Petitioner alleges he has newly discovered evidence of his innocence-- namely an October 16, 1998 statement from his co-defendant's cell mate, which counsel handed to him after trial, stating that the co-defendant had confessed to the crime. Petitioner further alleges he was denied the effective assistance of counsel at trial, he was denied the right to confront witnesses against him at trial, he was denied the right to have different counsel, the evidence was insufficient, and his conviction was obtained by the use of evidence gained pursuant to an unconstitutional search and seizure.[1]

<u>Findings and Conclusions</u>:   The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) establishes a one-year statute of limitations for state inmates seeking federal habeas corpus relief. <u>See</u> 28 U.S.C. § 2244(d). The District Court may raise the affirmative defense of the statute of limitations *sua sponte*. *See Kiser v. Johnson*, 163 F.3d 326 (5th Cir. 1999); *see also Day v. McDonough*, ___ U.S. ___, 126 S.Ct. 1675, 1684 (2006) (district courts are permitted, but not obliged, to consider, *sua sponte,* the timeliness of a state prisoner's habeas petition in process issued cases).[2]

---

[1] For purposes of this recommendation, the petition is deemed filed on June 7, 2006, the date Petitioner signed it and presumably placed it in the prison mail. *See Spotville v. Cain*, 149 F.3d 374, 377 (5th Cir. 1998) (holding that a federal petition is deemed filed for determining application of the AEDPA when the prisoner tenders it to prison officials for mailing).

[2] On June 15, 2006, the Court issued an order to show cause, advising Petitioner of the one-year statute of limitations and granting him an opportunity to explain why his case is not barred by the limitation period or why the statute of limitations should be tolled on equitable grounds. Petitioner filed his response to the court's show cause order on July 3, 2006.

The one-year period is calculated from the latest of either (A) the date on which the judgment of conviction became final; (B) the date on which an impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action; (C) the date on which the Supreme Court initially recognizes a new constitutional right, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (D) the date on which the facts supporting the claim became known or could have become known through the exercise of due diligence. *See* 28 U.S.C. § 2244(d)(1)(A)-(D).

Petitioner has alleged no state-created impediment under subparagraph (B) that prevented him from filing his federal petition. Nor does he base his petition on any new constitutional right under subparagraph (C). With regard to subparagraph (D), the Court determines that the facts supporting the claims raised in the instant petition for habeas relief became known or could have become known prior to the date Petitioner's state judgment of conviction became final. Thus, the Court will calculate the one-year statute of limitations from the date Petitioner's conviction became final at the conclusion of direct review or upon the expiration of the time for seeking such review. *See* 28 U.S.C. § 2244(d)(1)(A).

Petitioner's conviction became final for purposes of the one-year period on October 24, 2000, ninety days after the Court of Criminal Appeals refused his petition for discretionary review on July 26, 2000. *See* Sup. Ct. R. 13.1, 13.3 (2006); *Clay v. United States*, 537 U.S. 522, 528 n. 3 (2003); *United States v. Gamble*, 208 F.3d 536, 536-37 (5th Cir. 2000). The one-year period began to run on October 25, 2000, the day after his

4

conviction became final, *see Flanagan v. Johnson*, 154 F.3d 196, 202 (5th Cir. 1998), and expired on October 24, 2001.

The AEDPA provides that "the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2).

Petitioner filed his first state habeas application on July 13, 2001, before the expiration of the one-year period. (*See* Attachment I). This application, however, was returned for correction, and as such it was not properly filed for purposes of statutory tolling. An application is properly filed under § 2244(d)(2) "when its delivery and acceptance are in compliance with the applicable laws and rules governing filings." *Artuz v. Bennett*, 531 U.S. 4, 8 (2000); *see also Villegas v. Johnson*, 184 F.3d 467, 470 (5th Cir. 1999) (holding properly filed application is "one that conforms with a state's applicable procedural filing requirements"). Rule 73.1, of the Texas Rules of Appellate Procedure, prescribes the form and its required contents to file for relief under article 11.07 of the Texas Code of Criminal Procedure. *See* Tex. R. App. Proc. 73.1.

Since Petitioner's first state application was returned for correction, it apparently did not comply with the State of Texas' procedural requirements for an art. 11.07 application. As such, it did not toll the one-year limitation period.

Petitioner's request for mandamus relief, which TCCA construed as a motion for leave to file a petition for writ of mandamus, *see Ex parte McCoy*, No. WR-52,988-01, did not toll the statute of limitations either. *Moore v. Cain*, 298 F.3d 361, 366-67 (5th Cir. 2002) (state court mandamus application requesting that trial court be directed to

5

rule on state habeas application was not an application for collateral review with respect to prisoner's conviction, and thus did not toll one-year limitation period). Nor did Petitioner's second and third applications toll the limitation period, since they were filed long after the limitation period had expired. *Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000) (state habeas application filed after limitation period had expired did not toll limitation period). Therefore, the federal petition is time barred unless the one-year statute of limitations is tolled on equitable grounds.

To the extent Petitioner asserts his actual innocence precludes the dismissal of this § 2254 petition, his claim is meritless. The one-year limitation period contains no explicit exemption for litigants claiming actual innocence of the crimes of which they have been convicted. In this respect, the Fifth Circuit Court of Appeals has recognized that a petitioner's claims of actual innocence are relevant to the timeliness of his petition if they justify equitable tolling of the limitation period. *See Felder v. Johnson*, 204 F.3d 168, 171 (5th Cir. 2000); *accord Cousin v. Lensing*, 310 F.3d 843, 849 (5th Cir. 2002).

"The doctrine of equitable tolling preserves a plaintiff's claims when strict application of the statute of limitations would be inequitable." *United States v. Patterson*, 211 F.3d 927, 930-31 (5th Cir. 2000) (quoting *Davis v. Johnson*, 158 F.3d 806, 810 (5th Cir. 1998)). Equitable tolling applies only in cases presenting "rare and exceptional circumstances." *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999). "Equitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *Id.* (quoting *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir. 1996)).

6

The present case does not present the type of extraordinary circumstances warranting equitable tolling. Even if Petitioner did not learn of the return of his first state application until after he filed his petition for writ of mandamus, he would not be entitled to equitable tolling. This is not a case in which Petitioner pursued "the process with diligence and alacrity." *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000). Following the denial of his second art. 11.07 application on July 30, 2003, Petitioner waited one year, nine months, and sixteen days before he submitted his third art. 11.07 application for filing. Petitioner's lack of due diligence did not end here. Upon receiving notice that his third application had been dismissed as successive, he did not immediately file this federal petition. Rather he waited for an additional 63 days before mailing the same. These delays – clearly of Petitioner's own making – do not constitute rare and extraordinary circumstances warranting equitable tolling. It is well established that "equity is not intended for those who sleep on their rights. *Fisher v. Johnson*, 174 F.3d 710, 715 (5th Cir. 1999).

Likewise any claim that Petitioner's actual innocence should toll the limitation period is meritless. A claim of actual innocence "does not constitute a 'rare and exceptional' circumstance, given that many prisoners maintain they are innocent." *Felder v. Johnson*, 204 F.3d 168, 171 (5th Cir. 2000); *see also Cousin v. Lensing*, 310 F.3d 843, 849 (5th Cir. 2002); *United States v. Riggs*, 314 F.3d 796, 800 n. 9 (5th Cir. 2002). In addition, Petitioner has not shown that he has reliable new evidence that establishes his actual innocence. *See Schlup v. Delo*, 513 U.S. 298, 329 (1995).

An actual innocence claim carries a heavy burden:

> To establish the requisite probability that he was actually innocent, the [petitioner] must support his allegations with new, reliable evidence that was not presented at trial and must show that it was "more likely than not that no reasonable juror would have convicted him in the light of the new evidence."

*Fairman v. Anderson*, 188 F.3d 635, 644 (5th Cir. 1999) (quoting *Schlup v. Delo*, 513 U.S. 298, 327 (1995)); *accord Finley v. Johnson*, 243 F.3d 215, 221 (5th Cir. 2001); *United States v. Jones*, 172 F.3d 381, 384 (5th Cir. 1999).

Petitioner relies on an affidavit from his co-defendant's cell mate stating that the co-defendant had confessed to the crime. According to Plaintiff counsel handed him this affidavit after trial. Even assuming this evidence is newly discovered, Petitioner cannot show that it is more likely than not that no reasonable juror would have convicted him in light of the alleged new evidence. *See United States v. Espinoza*, 2005 WL 2291620, *3 (N.D. Tex. 2005), *report & recommendation adopted by*, 2005 WL 2546925 (N.D. Tex. 2005) (3:97cr257-G, 3:05cv944-G).

The party seeking equitable tolling has the burden to show entitlement to such tolling. *See Alexander v. Cockrell*, 294 F.3d 626, 629 (5th Cir. 2002). Because Petitioner has not carried his burden to show that equitable tolling is warranted, the District Court should in the exercise of its discretion refuse to apply equitable tolling in this case.

RECOMMENDATION:

For the foregoing reasons, it is recommended that the District Court dismiss the habeas corpus petition as barred by the one-year statute of limitations. *See* 28 U.S.C. § 2244(d).

A copy of this recommendation will be transmitted to Petitioner.

Signed this 28th day of November, 2006.

_____
WM. F. SANDERSON, JR.
UNITED STATES MAGISTRATE JUDGE

NOTICE

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten days after being served with a copy of this recommendation. Pursuant to *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten-day period may bar a *de novo* determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.

**ATTACHMENT I**

**ATTACHMENT II**